IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CARLOS RUBEN ZUNIGA | § | |
| | § | |
| VS. | § | CIVIL NO.4:08-CV-037-Y |
| | § | (Criminal No.4:06-CR-091-Y) |
| UNITED STATES OF AMERICA | § | |

ORDER RESOLVING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255

Now pending before the Court is defendant Carlos Ruben Zuniga's motion seeking relief under 28 U.S.C. § 2255 and amended memorandum in support.[1]  The grounds for § 2255 relief are stated in both the motion and the amended memorandum.  The government filed a response to the motion and amended memorandum, along with an appendix containing a copy of the opinion of the United States Court of Appeals for the Fifth Circuit affirming Zuniga's conviction.[2] Zuniga then filed a reply. After careful consideration and review of defendant Zuniga's motion under § 2255 and amended memorandum in support, the government's response, the reply, the applicable law, and after an examination of the file and record of this case, the Court concludes that the motion must be denied for the reasons stated by the government and as set forth here.

In the § 2255 motion and amended memorandum in support, Zuniga seeks relief under 28 U.S.C. § 2255 on numerous grounds, listed

---

[1]The Court, by order of February 3, 2009, allowed the filing of Zuniga's amended memorandum in support of his motion for relief under 28 U.S.C. 2255. That document amends and replaces Zuniga's  earlier memorandum in support.

[2]*United States v. Zuniga,* 258 Fed. Appx. 656, 2007 WL 4370303 (5th Cir. Dec. 12, 2007).

here and addressed in the manner responded to by the government[3] as follows: (1) the Court erred in not allowing Zuniga to withdraw his guilty plea (Mot. Ground 3); (2) the Court miscalculated his total offense level (Mot. Ground 3); (3) the presentence report (a) improperly applied an enhancement for obstruction of justice, and (b) provided inaccurate information about an active warrant from the state of Colorado (Mot. Ground 3; Amend. Memorandum Ground 3 and 4(a)(b)); (4) the government breached the plea agreement because it supported the two-level enhancement for obstruction of justice under USSG § 3C1.1 (Mot. Ground 2; Amend. Memorandum Ground 2; and (5) that counsel provided ineffective assistance of counsel in that counsel: (a) made Zuniga's guilty plea unknowing and involuntary by pressuring him to accept the plea agreement, promising him that he would receive a two-year sentence, and failing to explain the waiver of appeal (Mot. Ground 1(a); Amend. Memorandum Ground 1(a)); (b) frustrated his efforts to withdraw his guilty plea (Mot. Ground 1(b) Amend. Memorandum Ground 1(b); (c) allowed him to continue with multiple representation throughout the proceedings (Mot. Ground 1c; Amend Memo. at 1c); (d) failed to challenge the prior Texas conviction that was used to assess a 16-level enhancement (Mot. Ground 1(d);Amend Memorandum Ground 1(d)); (e) failed to challenge his prior deportation order (Amend. Memorandum   Ground 5); (f) failed to challenge the prior

---

[3]The Court has noted in parenthesis Zuniga's listing of the grounds for relief.

deportation proceeding (Amend. Memorandum Ground 6); and (g) failed to move for dismissal of the illegal re-entry charge on the basis that the prior Texas conviction for burglary of a vehicle, for which he was allegedly deported and received the enhancement, was improperly classified for sentencing (Amend. Memorandum at 7,8 and 9).

With regard to Zuniga's first claim regarding the Court's error in not allowing him to withdraw his guilty plea, the Court concludes that such claim is not cognizable. On direct appeal, Zuniga claimed that this Court erred in denying his motion to withdraw the plea, and the Court of Appeals rejected such challenge.[4] As such claim was raised on direct appeal without success, movant Zuniga cannot assert this claim now in a collateral challenge.[5] Accordingly, ground (1) does not state a cognizable ground for relief under § 2255.

With regard to Zuniga's grounds regarding the Court's alleged miscalculation of the total offense level, and errors in the presentence report, grounds (2, 3(a), and 3(b)), the government argues that such claims are barred by the by the effect of the waiver signed and agreed to by Zuniga. Zuniga's plea agreement,

---

[4]*United States v. Zuniga,* No.07-10122, 258 Fed. Appx. 656, 2007 WL4370303 at *1, (5th Cir. Dec. 12, 2007)(unpublished).

[5]*See United States v. Kalish,* 780 F.2d 506, 508 (5th Cir.)("It is settled law in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions"), *cert. den'd,* 476 U.S. 1118 (1986); *see also United States v. Segler,* 37 F.3d 1131, at 1134 (5th Cir. 1994)(finding that the court need not reconsider on collateral review defendant's arguments regarding the calculation of the base offense level already rejected on appeal).

entitled "Plea Agreement with Waiver of Appeal" included the following express waiver:

> Zuniga waives his rights conferred, by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence.  He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  Zuniga, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of this plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

(Plea Agreement at 4, ¶ 10.)

The Court of Appeals for the Fifth Circuit has held that "an informed and voluntary waiver of post-conviction relief is effective to bar such relief."[6] Zuniga signed the plea agreement and, at the rearraignment hearing, he testified that he understood that under the above-referenced paragraph he was waiving his right to appeal or challenge his sentence except as set forth therein. (September 13, 2006, Rearraignment Transcript (Tr.) at 20.) As Zuniga's waiver was knowing and voluntary, the Court concludes that it is valid and enforceable. Because Zuniga's grounds 2, 3(a), and 3(b) fall within the scope of his waiver, he may not assert them in this collateral proceeding.[7]

With regard to Zuniga's claim that the government breached the plea agreement because it supported the two-level enhancement for

---

[6]*United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994).

[7]Alternatively, as claims based upon misapplication of the sentencing guidelines are not cognizable on collateral review, *United States v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1999), these claims must be denied.

obstruction of justice on the basis of his escape, even though the government agreed to dismiss an escape charge, the Court concludes that such claim is procedurally barred from this Court's review under § 2255. The Supreme Court has emphasized repeatedly that a "collateral challenge may not do service for an appeal."[8] As the Court of Appeals for the Fifth Circuit has observed:

> After conviction and exhaustion or waiver of any right to appeal, "we are entitled to presume that [the defendant] stands fairly and finally convicted." [*Frady*] at 164. A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude, *Hill v. United States,* 368 U.S. 424, 428(1962), and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Frady*, 456 U.S. at 168. This cause and actual prejudice standard presents "a significantly higher hurdle" than the "plain error" standard that we apply on direct appeal. *Id.* at 166. We apply this rigorous standard in order to ensure that final judgments command respect and that their binding effect does not last only until "the next in a series of endless postconviction collateral attacks." *Id.* at 165-66. A defendant must meet this cause and actual prejudice test even when he alleges a fundamental constitutional error.[9]

Zuniga has shown no reason for his failure to raise this claim on direct appeal from this Court's conviction and imposition of sentence. Thus, he has not shown cause for his procedural default, and this ground (4) is barred from review in this collateral proceeding.

---

[8]*United States v. Frady*, 456 U.S. 152, 165 (1982).

[9]*United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991), *cert. den'd,* 502 U.S. 1076 (1992).

Zuniga's remaining claims allege ineffective assistance of counsel, which were expressly excepted from the waiver of right to seek collateral review. The now-familiar, two-pronged standard for review of ineffective-assistance-of-counsel claims was set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.[10]

The burden is upon the defendant to show that his counsel's representation fell below an objective standard of reasonableness by identifying acts or omissions of counsel "that are alleged not to have been the result of reasonable professional judgment."[11] A district court then determines whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[12] There is a strong presumption that the performance of counsel "falls within the wide range of reasonable professional assistance."[13] A defendant

---

[10]*Strickland,* 466 U.S. at 687.

[11]*Id.* at 690.

[12]*Id.*

[13]*United States v. Samuels,* 59 F.3d 526, 529 (5th Cir. 1995); *see also King v. Lynaugh,* 868 F.2d 1400, 1405 (5th Cir.), *cert den'd,* 489 U.S. 1093 (1989).

must also affirmatively prove prejudice by showing that a
particular error of counsel actually had an adverse effect on the
defense, an adverse effect being shown, in turn, by demonstrating
a "reasonable probability that, but for the counsel's
unprofessional errors, the result of the proceeding would have been
different."[14]

Zuniga's first allegation of ineffective assistance of counsel
is that counsel rendered his guilty plea unknowing and involuntary
by pressuring him to accept the plea agreement, promising him that
he would receive a two-year sentence, and by failing to explain the
waiver of appeal.[15] Because a guilty plea relinquishes rights of the
defendant, "the Constitution insists, among other things, that the
defendant enter a guilty plea that is 'voluntary' and that the
defendant must make related waivers 'knowing[ly], intelligent[ly],
[and] with sufficient awareness of the relevant circumstances and
likely consequences.'"[16] Ordinarily, a waiver is entered knowingly,
intelligently, and with sufficient awareness, when "the defendant
fully understands the nature of the right and how it would likely
apply in general in the circumstances--even though the defendant
may not know the specific detailed consequences of invoking it."[17]
With "respect to a defendant's awareness of relevant circumstances,

[14]*Strickland,* at 694 (general discussion at pp. 691-695).

[15]Although Zuniga recites in his 2255 motion that he did not freely and
voluntarily enter the plea agreement, he did not phrase this as a stand-alone
ground for relief, and thus such allegation is analyzed within review of his
ground that counsel was ineffective related to the entry of the plea.

[16]*United States v. Ruiz*, 536 U.S. 622, 629 (quoting *Brady v. United States*,
397 U.S. 742, 748 (1970)).

[17]*Id.* at 630.

7

[the Constitution] does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor."[18] "[A] defendant need only understand the direct consequences of the plea; he need not be made aware [of] every consequence that, absent a plea of guilty, would not otherwise occur."[19]

A guilty plea may be invalid if induced by a defense counsel's unkept promises.[20]  Ordinarily, however, "a defendant will not be heard to refute his testimony given under oath when pleading guilty."[21] In reviewing a challenge to the voluntariness of a plea, "solemn declarations in open court carry a strong presumption of verity," and the "representations of the defendant, his lawyer, and the prosecutor at a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."[22]  Any document signed by

---

[18]*Id.*

[19]*United States v. Hernandez,* 234 F.3d 252, 255 (5th Cir. 2000).

[20]*United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)(citing *Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir. 1989)).

[21]*United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985)(quoting *United States v. Sanderson,* 595 F.2d 1021, 1022 (5th Cir. 1979)).

[22]*Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977); *see also Fuller,* 769 F.2d at 1099 ("Ordinarily a defendant will not be heard to refute his testimony given under oath when pleading guilty")(quoting *United States v. Sanderson,* 595 F.2d 1021, 1022 (5th Cir. 1979)).

the defendant at the time of the guilty plea is entitled to "great evidentiary weight."[23]

Zuniga's claim that his counsel's conduct was ineffective and that it rendered his plea unknowing and involuntary is directly refuted by his testimony and the documents he signed. Both Zuniga and his counsel signed the plea agreement and the factual resume. (Docket nos. 26 and 27). The plea agreement included an express declaration that the "plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement." (Plea Agreement at 4, ¶ 9.) Zuniga expressly waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses in his defense, and his right against self incrimination. (Plea Agreement at 1, ¶ 1.) As noted above, he also expressly agreed to waive his right to appeal except on limited grounds and agreed to waive his right to challenge his conviction in any collateral proceeding, except to challenge the voluntariness of the plea or waiver and to bring a claim of ineffective assistance of counsel. (Plea Agreement at 4, ¶ 10.)  He also agreed that "[t]here have been no guarantees or promises from anyone as to what sentence the Court will impose." (Plea Agreement at 4, ¶ 9.) Zuniga also signed the factual resume, which advised him that he was subject to imprisonment for as much as 20 years on Count One. (Factual Resume at 1.)

---

[23]*See United States v. Abreo,* 30 F.3d 29, 32 (5th Cir. 1994).

At the rearraignment hearing, Zuniga admitted that he committed each of the essential elements of the offense to which he pleaded guilty. (Rearraignment Tr. at 17.) He testified that he entered the plea agreement voluntarily, of his own free will, and without any other promises or assurances. (March 1, 2006, Tr. at 12-13.) Zuniga also testified that he had discussed the case and the charges made against him with his attorney, and "[was] fully and completely satisfied with representation and advice of [his] attorney."(Rearraignment Tr. at 11.)  He also testified that he voluntarily and of his own free will entered the plea agreement, and that no one "made any promise or assurance to [him] of any kind in an effort to induce" his plea of guilty. (Rearraignment Tr.,  at 20.)

After receiving two letters directly from Zuniga stating that his plea was not voluntary, this Court held a hearing to review whether Zuniga was entitled to withdraw his plea. Counsel explained his actions with Zuniga and testified that he believed Zuniga's plea was voluntary, and that Zuniga was "satisfied with me." (October 18, 2006, Hearing on Motion to Withdraw Plea, at 4. ) In spite of this, when given his chance to address the Court, at no time during the hearing did Zuniga complain of the conduct of his counsel, rather it was clear to the Court that Zuniga was under the impression that he could receive the statutory maximum of 20 years. When this Court explained to Zuniga that he was most likely looking at a sentencing range of 57-71 months, Zuniga stated: "I feel much better now. I just can't see myself doing [20 years] . . . . Your honor, thank you for listening to me. Thank you for showing me part

10

of the guidelines." (Mot. To Withdraw Hearing at 14.) This Court accepted his guilty plea, and determined that it was voluntary. (Mot. To Withdraw Hearing at 18.)

After review of the record of these proceedings, Zuniga has not made any showing that counsel was deficient with regard to his entry of the plea agreement and waiver of his rights, or that his plea was not knowing and voluntary.  Zuniga fails to show why the Court should not afford "great evidentiary weight" to the documents he agreed to, and afford the "strong presumption of verity" to the prior sworn testimony that he understood the waiver of his constitutional rights and entered his guilty plea knowingly and voluntarily.  Thus, the Court concludes that Zuniga's first ground for ineffective assistance must be denied.

The Court has reviewed Zuniga's remaining claims of ineffective assistance of counsel, and concludes that he has not shown that counsel's conduct was deficient, nor has he shown a reasonable probability that the outcome of the proceedings would be different, for the reasons stated in the government's response at section V,  pages 10-13.

For all of the above and foregoing reasons, Carlos Ruben Zuniga's motion for relief under 28 U.S.C. § 2255 with amended memorandum in support is DENIED.

SIGNED April 16, 2009.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE